IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7422; | * | |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX8340; | * | |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7449; | * | |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX6909; | * | CV 316-020 |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX4334; | * | |
| | * | |
| FUNDS SEIZED FROM BANK OF EASTMAN ACCOUNT ENDING IN XX7548; | * | |
| | * | |
| FUNDS SEIZED FROM STATE BANK AND TRUST COMPANY ACCOUNT ENDING IN XXXX7036; | * | |
| | * | |
| FUNDS SEIZED FROM UNITED FIRST FEDERAL CREDIT UNION ACCOUNT ENDING IN XX7265; | * | |
| | * | |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX3286; | * | |
| | * | |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX5215; | * | |

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JUN -5 AM 9:29
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA; | * * * * |
| FUNDS CONTAINED IN VANGUARD CHARITABLE ENDOWMENT PROGRAM ACCOUNT ENDING IN XX2970, | * * * * |
| Defendants. | * |

# ORDER

Before the Court in the captioned matter is a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) filed by Laurens County, Georgia. Laurens County claims an interest in certain real property subject to this forfeiture

2

action, namely Real Property Located at 3037 Hwy 257, Dublin, Georgia. More specifically, Laurens County seeks to acquire 0.089 acres of right of way in said property for a state funded highway construction project. Neither the United States of America nor Claimant Lisa Bird oppose the motion.

The Eleventh Circuit has set forth a four-part test to evaluate an application for intervention. First, the intervention application must be timely. Second, the intervenor must have an interest relating to the property or transaction which is the subject of the action. Third, the intervenor must be "so situated that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest." Fourth, the existing parties to the lawsuit must not adequately represent the interests of the intervenor. E.g., Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005); Stone v. First Union Corp., 371 F.3d 1305, 1308-09 (11th Cir. 2004).

Here, Laurens County filed its motion during the discovery phase of the case and does not plan to conduct any discovery; thus, the motion is timely. Also, Laurens County claims a "direct, substantial and legally protectable" interest in the property in dispute, see Georgia v. U.S. Army Corps of Engineers, 302 F.3d 1242, 1249 (11th Cir. 2002) (cited source omitted); specifically, Laurens County claims an interest in real property the title to which is at issue. See Foster v. Gueory, 655 F.2d 1319, 1324 (D.C. Cir. 1981) ("An intervenor's interest is obvious when he asserts

3

a claim to property that is the subject matter of the suit."). Further, the disposition of this action, which would necessarily determine the ownership of the property, would impair Laurens County's ability to protect its interest in the property. Finally, the existing parties to the lawsuit cannot adequately protect the interests of Laurens County.

Upon the foregoing, Laurens County is entitled to intervene as of right under Rule 24(a)(2) in this case. Accordingly, its motion to intervene (doc. no. 51) is **GRANTED**. The Clerk shall add Laurens County to the case as an "Intervenor" and docket its "Intervenor Complaint" in the case, which is attached to the motion to intervene as Exhibit A.

Further, Intervenor Laurens County indicates in its Intervenor Complaint that it stands ready to deposit the sum of $7,850.00 as just and adequate compensation for fee simple title into the Registry of the Court for the benefit of the persons entitled to it. (Intervenor Compl. ¶¶ 13-14.) The payment of estimated compensation is a prerequisite to the exercise of condemnation of real property in the State of Georgia. See O.C.G.A. §§ 32-3-6, 32-3-7. Accordingly, the Court finds it appropriate to accept the estimated compensation from Laurens County and hereby directs the Clerk to receive and hold in the Registry of the Court the amount of $7,850.00 paid by Intervenor Laurens County until further Order of the Court. After making the aforementioned deposit, Intervenor Laurens County may proceed by

4

motion for such other and final relief deemed proper to secure acquisition of the property interest it seeks.

**ORDER ENTERED** at Augusta, Georgia this 5TH day of June, 2019.

_____
UNITED STATES DISTRICT JUDGE