FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JUL -9 PM 2:09
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX5215 | * |
| FUNDS CONTAINED IN VANGUARD CHARITABLE ENDOWMENT PROGRAM ACCOUNT ENDING IN XX2970 | *   CV 316-020 |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7422; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX8340; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7449; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX6909; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX4334; | * |
| FUNDS SEIZED FROM BANK OF EASTMAN ACCOUNT ENDING IN XX7548; | * |
| FUNDS SEIZED FROM STATE BANK AND TRUST COMPANY ACCOUNT ENDING IN XXXX7036; | * |

| | |
|---|---|
| FUNDS SEIZED FROM UNITED FIRST FEDERAL CREDIT UNION ACCOUNT ENDING IN XX7265; | * * * * |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX3286; | * * * * |
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; and | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA, | * * * * |
| Defendants. | * |

# O R D E R

On April 7, **2016**, the United States Attorney filed this *in rem* civil forfeiture proceeding, alleging that the properties listed in the case caption are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).[1] (Doc. No. 1.) This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1345[2] and 28 U.S.C. § 1355(a).[3]

The instant Order focuses on the first two accounts appearing in the above case caption: Funds Seized from T. Rowe Price Account Ending in XXXX5215 (the "T. Rowe Price Account") and the Funds Contained in Vanguard Charitable Endowment Program Account Ending in XX2970 (the "Vanguard Account"). All listed assets except the Vanguard Account were seized by the United States Marshals Service pursuant to seizure warrants issued in June 2015. The seized funds, including the T. Rowe Price Account, are currently being held in a forfeiture fund known as the Seized Assets Deposit Fund managed by the United States Marshals Service. The custodian of

---

[1] The Government filed an Amended Complaint on April 18, 2016. (Doc. No. 8.)

[2] 28 U.S.C. § 1345 provides that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ."

[3] 28 U.S.C. § 1355(a) provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress . . . ."

3

the Vanguard Account agreed to freeze the account upon request of the United States Attorney's Office. Accordingly, the Vanguard Account funds remain in the account.

These same captioned assets were listed as property subject to criminal forfeiture under 18 U.S.C. § 1982(a)(1) in the Indictment of George Mack Bird III ("George Bird") filed in the Southern District of Georgia on March 8, 2017. (United States v. Bird, Crim. No. 317-001 (S.D. Ga. Mar. 8, 2017).) This civil action was stayed pending resolution of the criminal matter. (Order of Apr. 18, 2016, Doc. No. 7.)

George Bird was married to Lisa Bird at the time the assets were seized. The two had filed for divorce in 2009, but the final Divorce Decree was not entered until June 26, 2017. The Divorce Decree clearly recognizes that all of the assets named in this case (the same assets that were subject to forfeiture in George Mack's Indictment) are subject to this civil forfeiture action. (Divorce Decree, Doc. No. 30-1, at 3-4.) Importantly, the Divorce Decree list **includes** the two funds at issue in this Order - the T. Rowe Price and Vanguard Accounts. (Id.) The Divorce Decree unambiguously provides as follows:

> In the event that any of the assets subject to the forfeiture action are released, [Lisa Bird] shall receive the first $2,000,000 of the released assets.[4]

---

[4] The Divorce Decree provides for a further graduated distribution schedule not relevant here because the total value of the Vanguard and the T. Rowe Price Accounts appears to be under $2,000,000.

4

(Id. at 4.) The Divorce Decree was signed by Lisa Bird and George Bird, both of whom were represented by able counsel. (Id. at 6.) Of note, George Bird's criminal defense attorneys, Robert R. McLendon IV and Jason Ferguson, were also present at the proceeding.[5]

Almost nine months later, George Bird pled guilty to an Information on March 21, 2018. (United States v. Bird, Crim. No. 318-005 (S.D. Ga. Mar. 8, 2018).) The Information's forfeiture provision omitted the two subject Accounts (the T. Rowe Price and Vanguard Accounts). Moreover, the Consent Order of Forfeiture approved by the presiding judge in the criminal case did **not** include the two subject Accounts. The Government represents that it decided not to pursue these Accounts. In fact, the Plea Agreement executed by George Bird on March 5, 2018, provides as follows: "The Government agrees that the funds seized from T. Rowe Price account ending in XXXX5212[6] will be returned to the

---

[5] Lisa Bird represents that defense counsel were present, either physically or by telephone, in her Motion for Contempt. (Doc. No. 57, at 5.) The Court has no independent verification of their appearance because neither Mr. McLendon nor Mr. Ferguson chose to appear at the hearing of July 2, 2019, despite the Court's Order to do so. (See Order of June 24, 2019, Doc. No. 60, at 4-5.)

[6] The Government concedes that this provision misidentifies the account and that the Plea Agreement is meant to reference the T. Rowe Price Account at issue here.

5

Defendant." (United States v. Bird, Crim. No. 318-005, Doc. No. 8, at 9.)

Two days prior to the guilty plea hearing, Lisa Bird filed a Notice of Claim in the instant case, claiming an interest in all of the listed assets, including the two subject Accounts. (Doc. No. 30.) She attached the Divorce Decree to her Notice of Claim. Lisa Bird also filed an Answer to the Amended Complaint on April 18, 2018, again asserting an interest in the listed assets. (Doc. No. 31.)

George Bird was sentenced to serve a total term of 100 months imprisonment on September 18, 2018. That same day, Lisa Bird filed in George Bird's criminal case a motion to set aside the Consent Order of Forfeiture and to reopen the civil forfeiture proceeding. (United States v. Bird, Crim. No. 318-005, Doc. No. 29.) On September 24, 2018, the Court lifted the stay that had been entered in this case and re-opened a notice period for the filing of verified claims. (Doc. No. 33.) In the September 24, 2018 Order, the Court also ordered that **"no disposition of any of the captioned properties shall be made except upon further Order of the Court."** (Id. (emphasis added).) To date, no third-party claimant other than Lisa Bird has filed any claim of interest in any of the assets.

The Court set an evidentiary hearing in the case for March 26, 2019, but upon a consent motion of the Government and Lisa

6

Bird, the hearing was continued to allow for discovery. Discovery in the case closed on June 18, 2019.

On June 19, 2019, Lisa Bird filed a "Motion for Contempt to Enforce a Court Order" wherein she complains that the two subject Accounts (T. Rowe Price and Vanguard Accounts) "are in the process of being returned to George Mack Bird." (Doc. No. 57, at 3.) The Court conducted a hearing in the matter on July 2, 2019, in Dublin, Georgia, at which Assistant United States Attorney Xavier A. Cunningham and Lisa Bird appeared. As noted supra at note 5, George Bird's criminal defense attorneys did not appear despite being ordered to do so.

At the hearing, AUSA Cunningham represented that the Government has essentially abandoned the two subject Accounts and seek to distribute the funds consistent with the Plea Agreement, particularly as it relates to the T. Rowe Price Account. Lisa Bird claimed the funds should be released to her in accordance with the Divorce Decree.

Upon due consideration, the Court finds that Lisa Bird has established more than a *prima facie* entitlement to the funds through the Divorce Decree. Two days prior to the guilty plea hearing of George Bird, Lisa Bird filed a claim in this civil forfeiture case, attaching her Divorce Decree which unambiguously gives her a right to claim the first $2,000,000 of released funds. Thus, the Government had imputed if not actual knowledge of Lisa

7

Bird's claim prior to presenting the Plea Agreement to this Court. In actuality, the Plea Agreement is a contract between the United States Government and George Bird, but it is not binding upon Lisa Bird, a non-party. Moreover, the Court is constrained to consider Georgia law relative to constructive trusts here.[7]

The Court notes the Government's unswerving commitment to the fulfillment of the Plea Agreement in the criminal case of George Mack Bird III. The Government suggests that its only alternative is to somehow ensure the direct release of the subject funds to George Bird. However, upon the facts and law now before the Court the fate of the funds was sealed on June 26, 2017, by George Bird himself. Barring some feature or reason yet unknown to the Court, the Divorce Decree is the controlling document. While the Plea Agreement says that the T. Rowe Price funds will be "returned" to George Bird, George Bird had himself predetermined the passage of the funds to Lisa Bird. The Plea Agreement does not require the

---

[7] Under Georgia law, a constructive trust arises "where property has been acquired by fraud, or where, though not acquired by fraud it is against equity that it should be retained by the person who holds it." Lee v. Lee, 392 S.E.2d 870, 872 (Ga. 1990). "[A] constructive trust is a remedy created by a court in equity to prevent unjust enrichment." Troutman v. Troutman, 676 S.E.2d 787, 790(Ga App. 2009); see also Murray County v. Pickering, 26 S.E.2d 287, 292 (Ga. 1943) ("A constructive trust is not created by words, either expressly or impliedly evincing a direct intention to create a trust, but by construction of equity in order to satisfy the demands of justice."). "Equity will not allow one with a legal interest in a piece of property a windfall recovery when the beneficial interest should flow to another." Weekes v. Gay, 256 S.E.2d 901, 904 (Ga. 1979).

Government to guarantee a delivery of funds that would abrogate a prior and unmistakable obligation. In sum, the return of the subject funds to Lisa Bird through enforcement of the Divorce Decree is not a breach of the plea agreement.

Upon the foregoing, the Court is inclined to direct the Vanguard Account and the funds derived from the T. Rowe Price Account be remitted to Lisa Bird.

In the interest of judicial expediency, the Court hereby **ORDERS AND DECREES** that the United States Marshal shall deposit the proceeds derived from the seizure of the T. Rowe Price Account into the Registry of the Court forthwith. The Court further **ORDERS AND DECREES** that the custodian of the Vanguard Account shall close that account and deposit the balance into the Registry of the Court forthwith.[8] The Clerk of Court shall maintain the funds in the Registry until further Order of the Court. Finally, **IT IS ORDERED** that there shall be no disposition of any of the remaining properties until further Order of the Court.

Turning back to the disposition of the funds derived from the two subject Accounts (the T. Rowe Price and Vanguard Accounts), **IT IS HEREBY ORDERED AND DECREED** that any interested party shall show cause in writing, if any they can, within twenty-one (21)

---

[8] The check should be made payable to "Clerk, USDC" and mailed to: Honorable Scott L. Poff, Clerk of Court, Southern District of Georgia, Post Office Box 8286, Savannah, GA 31412.

9

days hereof as to why these funds should not be distributed to Lisa Bird as the rightful claimant through a Divorce Decree agreed to by George Mack Bird III and ordered by the Superior Court of the Western Judicial Circuit of Georgia.[9]

The Clerk of Court is directed to serve this Order upon the following:

George Mack Bird III
Register No. 21957-021
FCI Edgefield
501 Gary Hill Road
Edgefield, SC 29824

George Mack Bird IV
2772 Claxton Dairy Road
Dublin, GA 31021

George Mack Bird IV
3208 Lexington Farms Drive
Alpharetta, GA 30004-6751

Robert R. McLendon IV
214 Court Square, 2nd Floor
Blakely, GA 39823

Vanguard Capital
c/o Matthew S. Miner, Esq.
Morgan, Lewis & Bokius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541

Lisa Bird
1060 Winthrop Place
Watkinsville, GA 30677

Xavier A. Cunningham
U.S. Attorney's Office
22 Barnard Street, Suite 300
Savannah, GA 31401

Jason Ferguson
Post Office Box 887
Fortson, GA 31808

United States Marshals Service
Attn: Seized Assets Deposit Fund
125 Bull Street
Savannah, GA 31401

Finally, **IT IS ORDERED** that Lisa Bird's motion for contempt (doc. no. 57) is **DENIED**. Because the Government invoked the

---

[9] The Divorce Decree is appended hereto as Court Exhibit A.

10

jurisdiction of this Court to resolve any and all claims related to the two subject Accounts, and because through the exercise of its jurisdiction the ends of justice and equity will be served, the Government's motion to remove the two subject Accounts from this lawsuit (doc. no. 63) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of July, 2019.

_____
UNITED STATES DISTRICT JUDGE