FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 AUG 12 PM 4:29
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * |
| **FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX5215** | * |
| **FUNDS CONTAINED IN VANGUARD CHARITABLE ENDOWMENT PROGRAM ACCOUNT ENDING IN XX2970** | * CV 316-020 |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7422; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX8340; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7449; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX6909; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX4334; | * |
| FUNDS SEIZED FROM BANK OF EASTMAN ACCOUNT ENDING IN XX7548; | * |
| FUNDS SEIZED FROM STATE BANK AND TRUST COMPANY ACCOUNT ENDING IN XXXX7036; | * |

| | |
|---|---|
| FUNDS SEIZED FROM UNITED FIRST FEDERAL CREDIT UNION ACCOUNT ENDING IN XX7265; | * * * * |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX3286; | * * * * |
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; and | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA, | * * * * * |
| Defendants. | * |

**O R D E R**

On June 19, 2019, Third Party Claimant Lisa Bird filed a "Motion for Contempt to Enforce a Court Order." Therein, she complained that the first two listed accounts in the case caption, namely Funds Seized from T. Rowe Price Account Ending in XXXX5215 (the "T. Rowe Price Account") and the Funds Contained in Vanguard Charitable Endowment Program Account Ending in XX2970 (the "Vanguard Account"), were about to be released by the United States Attorney's Office in derogation of the Court's Order of September 24, 2019, which ordered that **"no disposition of any of the captioned properties shall be made except upon further Order of the Court."** (Doc. No. 33, at 5 (emphasis added).)

Briefly, the captioned assets were listed as property subject to criminal forfeiture under 18 U.S.C. § 1982(a)(1) in the federal Indictment of George Mack Bird III ("George Bird") filed in the Southern District of Georgia on March 8, 2017. (United States v. Bird, Crim. No. 317-001 (S.D. Ga. Mar. 8, 2017).) All of these assets except the Vanguard Account were seized by the United States Marshals Service pursuant to seizure warrants issued in June 2015. The Vanguard Account was frozen upon agreement between the account's custodian and the United States Attorney's Office. When George Bird pled guilty to an Information on March 21, 2018, the forfeiture provision omitted the two subject Accounts (the T. Rowe Price and Vanguard Accounts) because the Government decided, without explanation, not to pursue these Accounts. The Government,

3

however, failed to dismiss the two Accounts from the instant civil forfeiture case and sent out Notices of Forfeiture that included the two Accounts.

Only after Lisa Bird filed the aforementioned motion for contempt did the Government plead by way of response that it had decided "to suspend the pursuit of forfeiture" of these two assets without further explanation. (Doc. No. 61, at 2.) Then, the morning of the hearing on the matter, July 2, 2019, the Government filed a motion to remove the two Accounts from the case.

Following the hearing, the Court denied the Government's motion to remove the two Accounts and determined that Lisa Bird had made a *prima facie* showing that she is entitled to the funds from the two Accounts through a provision of her Divorce Decree with George Bird. (Order of July 9, 2019, Doc. No. 66, at 7.) The Court also ordered the United States Marshals Service, which held the seized funds from the T. Rowe Price Account, and the custodian of the Vanguard Account to deposit the funds into the Registry of the Court forthwith. (Id. at 9.) Finally, the Court opened an objection period of twenty-one days for any interested party to show cause why the funds should not be distributed to Lisa Bird. (Id. at 9-10.)

The Department of Justice deposited the funds seized from the T. Rowe Price Account into the Registry of the Court on July 24, 2019. The Vanguard Account funds, however, remain in the account.

4

On July 30, 2019, the Vanguard Charitable Endowment Program lodged a timely objection, contending that the funds in the Vanguard Account did not belong to George Bird at the time the Divorce Decree was entered. (Doc. No. 76.) Rather, contributions made to the Vanguard Account are "permanent, irrevocable, and unconditional donations." (Id. at 2.) Accordingly, George Bird did not have an ownership interest in the Vanguard Account to give it to Lisa Bird in the Divorce Decree. The Vanguard Charitable Endowment Program therefore seeks to vacate the Order of July 9th requiring relinquishment of the Account funds.

On July 17, 2019, George Bird filed a pro se objection to the distribution of the funds derived from the T. Rowe Price Account to Lisa Bird. George Bird contends that his and Lisa Bird's biological son, George Mack Bird IV, is the sole and rightful owner of the Account. On July 30, 2019, George Bird's criminal defense attorneys entered a notice of appearance in the case and filed a further objection on George Bird's behalf, again contending that the funds from the T. Rowe Price Account belong to his son.

Finally, on July 29, 2019, the son, George Mack Bird IV filed an objection through counsel, claiming sole ownership of the funds from the T. Rowe Price Account.

5

The objection period set by the July 9th Order is now closed and the record is fixed with respect to claims against the *res*.[1] All interested parties shall now have an additional fourteen (14) days from the entry of this Order to file any further comment, evidence, response or objection to the claims now in the record and described hereinabove: principally the claim of Vanguard Charitable Endowment Program to the Vanguard Account and the claim of George Mack Bird IV to the funds seized from the T. Rowe Price Account. Thereafter, the Court will conduct a hearing to resolve the ownership interest of the two subject Accounts (T. Rowe Price and Vanguard Accounts) once and for all. The hearing shall take place on Monday, September 16, 2019, at 10:00 a.m., at the J. Roy Rowland Courthouse in Dublin, Georgia. All interested parties shall appear at the hearing. Failure of a party to appear may be deemed a repudiation of any interest in the Accounts.

With respect to the other listed assets, the Court notes that there is currently a Scheduling Order in place, whereby discovery was set to close on June 18, 2019, and the last day to file motions

---

[1] In neither its pleadings nor its presentation at the hearing on July 2, 2019, did the United States Attorney's Office disclose either George Mack Bird IV's beneficial ownership of the T. Rowe Price Account or the charitable trust ownership of the Vanguard Account. Accordingly, these interests were not known by the Court at the time of entering its July 9th Order.

was July 18, 2019.[2] Third Party Claimant Lisa Bird has filed a motion to compel against the United States Attorney's Office, seeking responses to her discovery requests. The motion to compel will be addressed at the hearing on September 16, 2019. In fact, any and all outstanding discovery issues will be resolved at the hearing. Accordingly, the parties should be prepared to bring up and argue any remaining discovery issues at that time.

Finally, the Clerk of Court is directed to serve this Order upon all attorneys of record and Lisa Bird.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The deadline to file all civil motions has been extended to August 19, 2019. (Doc. No. 71.)