FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 SEP -5 AM 10: 32
CLERK____
SO. DIST OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX5215 | * |
| **FUNDS CONTAINED IN VANGUARD CHARITABLE ENDOWMENT PROGRAM ACCOUNT ENDING IN XX2970** | * CV 316-020 |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7422; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX8340; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7449; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX6909; | * |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX4334; | * |
| FUNDS SEIZED FROM BANK OF EASTMAN ACCOUNT ENDING IN XX7548; | * |
| FUNDS SEIZED FROM STATE BANK AND TRUST COMPANY ACCOUNT ENDING IN XXXX7036; | * |

| | |
|---|---|
| FUNDS SEIZED FROM UNITED FIRST FEDERAL CREDIT UNION ACCOUNT ENDING IN XX7265; | * * * * |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX3286; | * * * * |
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; and | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA, | * * * * |
| Defendants. | * |

# **O R D E R**

On July 30, 2019, the Vanguard Charitable Endowment Program, custodian of the above-listed asset Funds Contained in Vanguard Charitable Endowment Program Ending in XX2970 (the "Vanguard Account"), responded and objected to the Court's Order of July 9, 2019. Through this filing, Vanguard Charitable claims that George Mack Bird irrevocably transferred any and all rights, title and interest in the donated assets contained in the Vanguard Account to Vanguard Charitable. Consequently, George Mack Bird could not have transferred a property interest in the Vanguard Account to his ex-wife Lisa Bird through their Divorce Decree. On August 26, 2019, Vanguard Charitable filed a Supplemental Response to the Order of July 9, 2019, reiterating its position and seeking relief from appearance at the September 16, 2019 hearing. Vanguard Charitable asks this Court to vacate that part of the July 9, 2019 Order directing Vanguard Charitable to close its account and deposit the balance into the Registry of the Court, and it essentially seeks dismissal of the Vanguard Account from this action prior to the hearing on September 16, 2019.

The Court notes that no interested party in this case has filed any response or objection to Vanguard Charitable's initial claim of July 30, 2019. Moreover, should any part desire to file a response or objection to Vanguard Charitable's Supplemental Response of August 26, 2019, the Local Rules of this district provide for a fourteen (14) day response period, i.e., September

9, 2019. Out of an abundance of caution, however, the Court will allow any objection to Vanguard Charitable's claim to be made in writing by close of business on Thursday, September 12, 2019.

Vanguard Charitable urges the Court to resolve this matter prior to the hearing to avoid unnecessary travel expenses and costs. This may very well be appropriate given the unique circumstances here. Indeed, the record shows that the United States Attorney has treated the Vanguard Account differently from the other listed assets from the outset. All listed assets except the Vanguard Account were seized by the United States Marshals Service pursuant to seizure warrants issued in June 2015. Rather than seize the funds in the Vanguard Account, the United States Attorney requested that Vanguard Charitable freeze the account, thereby allowing the funds to remain in the account for these several years. The disparate treatment of the Vanguard Account indicates that the United States Attorney viewed the account differently. Indeed, had the United States Attorney brought to the Court's attention <u>any</u> information about the Vanguard Account at an earlier time, information that was readily available to the United States Attorney's Office, Vanguard Charitable may not have been put to the current test. Nevertheless, given the present posture of the case, the Court will allow one more objection period as provided above.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE