FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 SEP 12 AM 11:22
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX5215 | * | |
| **FUNDS CONTAINED IN VANGUARD CHARITABLE ENDOWMENT PROGRAM ACCOUNT ENDING IN XX2970** | * | CV 316-020 |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7422; | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX8340; | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7449; | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX6909; | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX4334; | * | |
| FUNDS SEIZED FROM BANK OF EASTMAN ACCOUNT ENDING IN XX7548; | * | |
| FUNDS SEIZED FROM STATE BANK AND TRUST COMPANY ACCOUNT ENDING IN XXXX7036; | * | |

| | |
|---|---|
| FUNDS SEIZED FROM UNITED FIRST FEDERAL CREDIT UNION ACCOUNT ENDING IN XX7265; | * * * * |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX3286; | * * * * |
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; and | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA, | * * * * |
| Defendants. | * |

**O R D E R**

This Order concerns assets contained in one of the captioned accounts, specifically the Funds Contained in Vanguard Charitable Endowment Program Ending in XX2970 (the "Vanguard Account"). The Vanguard Account had been listed as property subject to criminal forfeiture under 18 U.S.C. § 1982(a)(1) in the federal Indictment of George Mack Bird III ("George Bird") filed in the Southern District of Georgia on March 8, 2017. (United States v. Bird, Crim. No. 317-001 (S.D. Ga. Mar. 8,2017).) Prior thereto, the assets contained therein had been frozen upon agreement between the account's custodian and the United States Attorney's Office.

When George Bird pled guilty to an Information on March 21, 2018, the Government opted not to pursue these assets and thus omitted the Vanguard Account from the forfeiture provision. The Government, however, failed to dismiss the Vanguard Account from the instant civil forfeiture case. On July 9, 2019, this Court entered an Order determining that Third-Party Claimant Lisa Bird had made a *prima facie* showing that she is entitled to the funds listed in her Divorce Decree with George Bird, which included the Vanguard Account. (See Order of Jul. 9, 2019, Doc. No. 85.) The Court also ordered the custodian of the Vanguard Account be closed and the funds deposited into the Registry of the Court.

On July 30 and August 26, 2019, the Vanguard Charitable Endowment Program, custodian of the Vanguard Account, responded and objected to the Court's Order of July 9, 2019. Through these

3

filings, Vanguard Charitable claims that George Mack Bird irrevocably transferred any and all rights, title and interest in the donated assets contained in the Vanguard Account to Vanguard Charitable. Consequently, George Mack Bird could not have transferred a property interest in the Vanguard Account to his ex-wife Lisa Bird through their Divorce Decree. No interested party in the case has filed any response or objection to Vanguard Charitable's claim to the Vanguard Account.

Upon review of the record, it appears that the Vanguard Charitable is an independent 501(c)(3) grant-making organization focused on supporting donors' charitable plans. (Decl. of Mark Froehlich, CFO of Vanguard Charitable, Doc. No. 76, Ex. 1 ¶¶ 1-2.) Vanguard Charitable does not administer personal investment accounts, and donors may not access or recover any account funds. (Id. ¶ 2.) Rather, all contributions made to Vanguard Charitable are permanent, irrevocable, and unconditional donations. (Id. ¶ 3.) Vanguard Charitable invests the donated funds, and donors recommend grants to eligible public charities. (Id.)

With respect to the Vanguard Account at issue here, George Mack Bird III opened the account in 2001 with a $100,000 donation. (Id. ¶ 4 & Ex. A.) Over the ensuing years, George Bird donated an additional $115,661 to the account. (Id. ¶¶ 5 & 7 & Exs. B & D.) At the time of each donation, George Bird signed a statement acknowledging that the donation was "an irrevocable and

4

unconditional gift," and agreed to "irrevocably relinquish all rights, title, and interest" in the donated assets. (<u>Id.</u> ¶¶ 4-7 & Exs. A-D.)

Upon this evidence, and hearing no objection from any quarter, the Court hereby finds and concludes that neither George Mack Bird nor Lisa Bird through their Divorce Decree have any right, title or interest in the Vanguard Account. Rather, the rights, title and interest in the Vanguard Account belong to the custodian Vanguard Charitable. Accordingly, the Court hereby **VACATES IN PART** that portion of its Order of July 9, 2019, which orders Vanguard Charitable to close the Vanguard Account and deposit the funds into the Registry of the Court. Further, the Court hereby **DISMISSES** the Vanguard Account from this case. Vanguard Charitable is therefore excused from attendance at the September 16, 2019 hearing.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE