FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 SEP 18 PM 3:56
CLERK
SO. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA,     *
        *
     Plaintiff,    *
        *
     v.          *
        *
**FUNDS SEIZED FROM T. ROWE**    *
**PRICE ACCOUNT ENDING**        *
**IN XXXX5215;**                 *
        *
FUNDS CONTAINED IN VANGUARD    *
CHARITABLE ENDOWMENT PROGRAM    *
ACCOUNT ENDING IN XX2970;      *     CV 316-020
        *
FUNDS SEIZED FROM FIDELITY     *
INVESTMENTS ACCOUNT ENDING      *
IN XXXX7422;                   *
        *
FUNDS SEIZED FROM FIDELITY     *
INVESTMENTS ACCOUNT ENDING      *
IN XXXX8340;                   *
        *
FUNDS SEIZED FROM FIDELITY     *
INVESTMENTS ACCOUNT ENDING      *
IN XXXX7449;                   *
        *
FUNDS SEIZED FROM FIDELITY     *
INVESTMENTS ACCOUNT ENDING      *
IN XXXX6909;                   *
        *
FUNDS SEIZED FROM FIDELITY     *
INVESTMENTS ACCOUNT ENDING      *
IN XXXX4334;                   *
        *
FUNDS SEIZED FROM BANK OF      *
EASTMAN ACCOUNT ENDING         *
IN XX7548;                     *
        *
FUNDS SEIZED FROM STATE BANK    *
AND TRUST COMPANY ACCOUNT       *
ENDING IN XXXX7036;             *

| | |
|---|---|
| FUNDS SEIZED FROM UNITED FIRST FEDERAL CREDIT UNION ACCOUNT ENDING IN XX7265; | * * * * |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX3286; | * * * * |
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; and | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA, | * * * * |
| Defendants. | * |

# O R D E R

This *in rem* civil forfeiture proceeding came before the Court for a hearing on September 16, 2019, in Dublin, Georgia. The primary purpose of the hearing was to address the disposition of the Funds Seized from T. Rowe Price Account Ending in XXXX5215 (the "T. Rowe Price Funds 5215"). These funds now reside in the Registry of the Court in total amount of $823,561.62.[1] At the hearing, it was determined that the only two Claimants to the T. Rowe Price Funds 5215 are Ms. Lisa Bird – the ex-wife of the George Mack Bird III, a criminal defendant from whose case the funds were derived and seized – and their son, George Mack Bird IV. The United States Government and George Mack Bird III, through counsel, disavowed and disclaimed any interest in the T. Rowe Price Funds 5215.

The Court has received numerous exhibits, written statements and representations, and summary argument regarding the origination and ownership of the T. Rowe Price Funds 5215. However, it has received scant admissible evidence on the matter. "Evidence" may come in the form of testimony, records, documents, concrete objects or other things presented to the senses that is offered to prove the existence or nonexistence of a fact. See *Evidence,* Black's Law Dictionary (11th ed. 2019). "Admissible

---

[1] The United States Government deposited these funds into the Registry in accordance with this Court's Order of July 9, 2019. (Doc. No. 66.)

3

evidence" is relevant and "of such a character (e.g., not unfairly prejudicial, based on hearsay, or privileged) that the court should receive it." Id.; see also *Admissible Evidence*, Black's Law Dictionary (5th ed. 1979) ("the evidence introduced is of such a character that the court or judge is bound to receive it"). Admissibility of evidence in federal courts is governed by the Federal Rules of Evidence. In this case, the Claimants have attached excerpts of documents, unsworn statements, and letters and records containing hearsay in an effort to show that one claim is superior to the other. And, as noted at the hearing, there are fundamental gaps or lapses of evidence in each party's presentation. Accordingly, the Court was unable to make factual determinations at the September 16th hearing. The matter of disposition of the T. Rowe Price Funds 5215 therefore remains unresolved.

Notably, stipulations between the Claimants as to factual representations may cure some admissibility issues. A "stipulation" is "[a] voluntary agreement between opposing parties concerning some relevant point . . . ." *Stipulation*, Black's Law Dictionary (11th ed. 2019). Stipulations "obviate the need for proof" and "narrow the range of litigable issues." Louis v. Royal Caribbean Cruises Ltd., 2011 WL 13223563, at *4 (S.D. Fla. May 11, 2011) (cited source omitted). Thus, if the Claimants herein are able to stipulate to the facts arguably demonstrated in their

4

submissions, the need for further proof of those facts would be eliminated. To that end, the Claimants are encouraged to meet with each other or counsel to discuss the possibility of factual stipulations. Any stipulations must be reduced to writing ahead of the yet to be scheduled evidentiary hearing.

At the September 16th hearing, it was suggested that the United States Attorney's Office may have documents or other information related to the T. Rowe Price Funds 5215. In fact, Claimant Lisa Bird previously filed a motion to compel responses from the Government to her requests for production of documents related to the investigation of George Mack Bird III's financial assets. The Court inquired of Ms. Bird and she acknowledged that her principal interest in this civil case is the T. Rowe Price Funds 5215. Thereafter, Government counsel AUSA Cunningham agreed to meet with Ms. Bird and with counsel for the other Claimant, George Mack Bird IV, to determine whether relevant, non-privileged documents pertaining to the T. Rowe Price Funds 5215 exist in the United States Attorney's criminal case file. Ms. Bird therefore agreed that the motion to compel could be terminated with leave to file a more specific motion should the need arise after consulting with the United States Attorney's Office.

Upon the foregoing, the Court hereby **DIRECTS** the remaining Claimants, Ms. Lisa Bird and Mr. George Mack Bird IV, through counsel, to confer as to whether there are factual stipulations

5

that can be entered upon the record prior to the evidentiary hearing, which will be scheduled as soon as practicable. The Court further **DIRECTS** that the Claimants, either separately or together, meet with AUSA Cunningham at a time and place convenient to the participants to discuss the production of any relevant, non-privileged documents **pertaining to the T. Rowe Price Funds 5215**. Finally, the Clerk is directed to **TERMINATE** the motion to compel filed by Claimant Lisa Bird (doc. no. 65) without prejudice to her right to seek appropriate further relief.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of September, 2019.

UNITED STATES DISTRICT JUDGE