IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 OCT 25 AM 10: 11
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7422; | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX8340; | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7449; | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX6909; | * | CV 316-020 |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX4334; | * | |
| FUNDS SEIZED FROM BANK OF EASTMAN ACCOUNT ENDING IN XX7548; | * | |
| FUNDS SEIZED FROM STATE BANK AND TRUST COMPANY ACCOUNT ENDING IN XXXX7036; | * | |
| FUNDS SEIZED FROM UNITED FIRST FEDERAL CREDIT UNION ACCOUNT ENDING IN XX7265; | * | |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX3286; | * | |

| | |
|---|---|
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX5215; | * * * |
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA; | * * * * |
| Defendants. | * |

# O R D E R

On April 18, 2016, the United States of America filed an Amended Verified Complaint seeking forfeiture of the assets listed in the case caption. These same assets were listed as property

subject to criminal forfeiture under 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853 in the Indictment of George Mack Bird III ("George Bird") filed in the Southern District of Georgia on March 8, 2017. (United States v. Bird, Crim. No. 317-001 (S.D. Ga. Mar. 8, 2017), Doc. No. 1.) This civil action was stayed pending resolution of the criminal case.

On March 8, 2018, a two-count Information was filed in the Southern District of Georgia against George Bird, which alleged forfeiture of all the same assets except two accounts: the T. Rowe Price Account Ending in XXXX5215 and the Funds Contained in Vanguard Charitable Endowment Program Account Ending in XX2970. (United States v. Bird, Crim. No. 318-005 (S.D. Ga. Mar. 8, 2018), Doc. No. 1.) The Government essentially abandoned its interest in these two accounts.[1] George Bird pled guilty to both counts of the Information on March 21, 2018.[2] That same day, the Court accepted a Consent Order of Forfeiture, wherein George Bird acknowledged the forfeitability of all listed assets (except the two aforementioned accounts), which the Court will hereinafter refer to as the Defendant Property. (See United States v. Bird,

---

[1] The Court has dismissed the Vanguard Account from this litigation. (See Order of Sept. 12, 2019, Doc. No. 91.) The T. Rowe Price Account remains in the case subject to the claims of third-party claimants Lisa Bird and George M. Bird IV, George Bird's ex-wife and son.

[2] The criminal Indictment against George Bird was dismissed upon motion of the Government on September 18, 2018. (Doc. No. 95.)

Crim. No. 318-005, Doc. No. 9.) On September 18, 2018, George Bird was sentenced in the criminal case. With respect to the Defendant Property, the Court noted the following in the Judgment and Commitment Order:

> The Court's Consent Order [of Forfeiture] of March 21, 2018, is hereby incorporated into this Judgment by specific reference in accordance with Federal Rule of Criminal Procedure 32.2(b)(4)(B). Pursuant to that Consent Order, the forfeiture of the subject Property is final with respect to the property interests of the defendant. Property interests affected by the Consent Order of Forfeiture, however, remain inchoate and unresolved with respect to any third-party claimant, particularly Claimant Lisa Bird, until such time as the civil proceeding, CV 316-020, is concluded.

(Id., Doc. No. 34, at 7.)

On September 24, 2018, the Court lifted the stay in this civil forfeiture action. The Government sent a Notice of Forfeiture to potential interested parties and posted a Notice of Forfeiture on the official government website as required. The only claim asserted against the Defendant Property is that of Lisa Bird, who asserts she has an "equitable ownership with George Mack Bird, as defined by the state of Georgia marital law and subject to division as per the final judgement and divorce decree ordered by the Superior Court of Oconee County, State of Georgia on June 26, 2017." (Doc. No. 30, at 1.) The parties attempted to settle the matter, but in failing to do so, they conducted discovery.

At the close of discovery, Claimant Lisa Bird filed a motion to compel, contending that the Government's responses to her Requests for Production of Documents consisted of overly broad,

4

boilerplate objections and were therefore inappropriate and non-responsive. (Doc. No. 65.) The Government disagreed with this characterization of its responses and represented that it had provided all relevant documents directly related to this civil forfeiture action. (Doc. No. 68.)

Thereafter, the Government moved for summary judgment as to the Defendant Property, claiming that it is subject to forfeiture as a matter of law. (Doc. No. 88.) Prior to the deadline for any response to the summary judgment motion, the Court conducted a hearing on September 16, 2019, to address the motion to compel and the T. Rowe Price Account that the Government has abandoned. Toward the end of the hearing, having spent the time discussing the T. Rowe Price Account and evidentiary issues pertaining to that account, the Court had the following colloquy with Lisa Bird:

Q: "May I conclude [], Ms. Bird, that your sole interest, practically stated, is in [the T. Rowe Price Account]?"

A: "Yes."

Q: "Okay, So, this is now -- [the T. Rowe Price Account] is the main event."

A: "Yes."

(Hrg. Tr. of Sept. 16, 2019, Doc. No. 100, at 39-40.) The Court then addressed Lisa Bird's motion to compel in the context of the T. Rowe Price Account purportedly being her sole interest. The Court inquired whether Lisa Bird could be more specific in her

5

requests to the Government, to which she responded affirmatively. (Id. at 40-41.) At that point, both Lisa Bird and the Government agreed to readdress Lisa Bird's request for documents. The Court advised Lisa Bird that she could refile a motion to compel if the Government refuses to provide a document that she feels she is entitled to. (Id. at 42.) The Court warned, however, that there would be no "open file of discovery"; rather, she must request specific information. (Id.)

Following the hearing, the Court entered an Order terminating the motion to compel and directing Lisa Bird and the Government to meet and discuss "the production of any relevant, non-privileged documents **pertaining to the T. Rowe Price [Account]**." (Order of Sept. 18, 2019, Doc. No. 95, at 6 (emphasis in original).) Prior to receiving this Order, however, Lisa Bird filed a motion for an extension of time to respond to the motion for summary judgment, stating therein that the Court had granted "supplementary production of documents" from the Government. (Doc. No. 96, at 3.) Notably, in the Court's estimation and as expressed in its Order of September 18, 2019, the Court had not granted "supplementary production" as to the Defendant Property, which is the subject of the Government's motion for summary judgment. Nevertheless, the Court granted the extension because Lisa Bird had been involved with challenges to the T. Rowe Price and Vanguard Accounts. (Order of Sept. 20, 2019, Doc. No. 98.) The Court

6

noted, however, that the requested extension is not an affirmation of Lisa Bird's misconception about discovery. (Id. at 3.)

Having received the Orders of September 18th and 20th, Lisa Bird filed a motion for reconsideration, in which she explains that it was never her intent to limit her motion to compel to the T. Rowe Price Account. (Doc. No. 99.) Rather, she believed that she need only make her requests for production of documents more specific and not necessarily limited to a single account. (Id. at 2.) The Government opposes the motion, reiterating its position that it has provided Lisa Bird with all discoverable and relevant documents and otherwise standing on its prior objections.

In light of her pro se status, the Court will not bind Lisa Bird to her representation at the hearing that the T. Rowe Price Account is her only interest. Accordingly, the motion for reconsideration of the Order of September 18th to the extent that it allows Lisa Bird to seek documents related only to the T. Rowe Price Account (doc. no. 99) is **GRANTED**. The Court will allow Lisa Bird to confer with the United States Attorney's Office about documents related to property other than the T. Rowe Price Account after the bench trial discussed below. The Court reiterates, however, that Lisa Bird's inquiry must be more specific than a broad demand for documents related to the "financial investigation" of George Bird. (See Hrg. Tr., at 41.)

7

At present, any response to the Government's motion for summary judgment must be filed by October 31, 2019. The Court hereby **STAYS** that deadline to allow the Court and the third-party claimants, Lisa Bird and George M. Bird IV, to focus their efforts on determining the ownership of the T. Rowe Price Account. As discussed in the Order of September 18, 2019, the Court was unable to resolve the ownership issue at the September 16th hearing because of the fundamental lack of admissible evidence and relevant information in each claimant's presentation. Accordingly, the Court will conduct a bench trial on the ownership issue on a date to be determined but no sooner than 45 days from the date of this Order to afford the claimants an opportunity to prepare for the trial. At the bench trial, the Court will receive admissible documentary evidence and testimony whether by affidavits or live witnesses. The claimants are reminded that factual stipulations and stipulations to the authenticity of documents are encouraged.

**ORDER ENTERED** at Augusta, Georgia this 25th day of October, 2019.

*/s/ Dudley H. Bowen, Jr.*
UNITED STATES DISTRICT JUDGE