IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2021 FEB -9  P 1: 16

CLERK J. Hodge
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7422; | * | |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX8340; | * | |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX7449; | * | |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX6909; | * | CV 316-020 |
| | * | |
| FUNDS SEIZED FROM FIDELITY INVESTMENTS ACCOUNT ENDING IN XXXX4334; | * | |
| | * | |
| FUNDS SEIZED FROM BANK OF EASTMAN ACCOUNT ENDING IN XX7548; | * | |
| | * | |
| FUNDS SEIZED FROM STATE BANK AND TRUST COMPANY ACCOUNT ENDING IN XXXX7036; | * | |
| | * | |
| FUNDS SEIZED FROM UNITED FIRST FEDERAL CREDIT UNION ACCOUNT ENDING IN XX7265; | * | |
| | * | |
| FUNDS SEIZED FROM T. ROWE PRICE ACCOUNT ENDING IN XXXX3286; | * | |

| | |
|---|---|
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA; | * * * * |
| Defendants. | * |

# O R D E R

In this civil forfeiture action, Plaintiff United States of America (the "Government") seeks to forfeit the captioned "Defendant Assets" pursuant to 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A). (Am. Compl., Doc. No. 8.) Claimant Lisa Bird answered and filed a verified claim in response to the Amended

Complaint, alleging that she has an interest in the Defendant Assets. (Doc. Nos. 30 & 31.) Before the Court is the Government's motion for summary judgment. (Doc. No. 88.) The Clerk gave the nonmoving party, Claimant Lisa Bird, notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. No. 89.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied.

Upon consideration of the parties' respective briefs, the relevant parts of the court record (to include the underlying criminal proceeding), and the applicable law, the Court grants the Government's motion for summary judgment for the following reasons.

## I.  BACKGROUND

On June 3, 2015, George Mack Bird III, a former medical doctor, was arrested in Dodge County, Georgia, by state authorities in conjunction with a joint investigation with the United States Drug Enforcement Administration into the illegal distribution of prescription medication. (See generally Presentence Investigation Report ("PSI") in United States v. Bird, Crim. Case No. 3:18-CR-005 (S.D. Ga. Mar. 18, 2018).) Upon the execution of search warrants of Bird's medical offices, apartment, house, and

3

vehicles, $971,788 in United States Currency was seized. (Id. ¶¶ 10, 13-14.) Further investigation and interviews revealed that the modus operandi of Bird's illegal drug operation included leaving pre-signed prescriptions for patients in a drawer in his Dublin clinic's "drug room," where 1000-count bottles of controlled substances and other medications were stored. (Id. ¶ 16.) Clinic employees completed the pre-signed prescriptions with patients' names and passed the drugs out to the patients on a regular basis without examinations by Bird. (Id. ¶¶ 12, 16.) In fact, Bird's full participation in any legitimate aspect of his medical practice tapered off in 2010, and after 2014, Bird rarely saw patients. (Id. ¶ 18.)

During an early interview, Bird admitted that he earned approximately $500,000 to $600,000 per year from 2000 to 2007, and he earned approximately $400,000 to $500,000 per year since 2007. (Id. ¶ 11.) Bird estimated that each of his offices generated between $2,000 and $3,000 in cash per day when the office was open and receiving patients. (Id.) Ultimately, investigating agents conservatively estimate that between August 2000 and June 3, 2015, Bird grossed in excess of $13 million through the illegal operation of his two medical offices. (Id. ¶ 21.)

On April 7, 2016, the Government filed the Verified Complaint for Forfeiture *In Rem* in this case against various investment and bank accounts and real property as proceeds of and/or property

involved in Bird's illegal drug operation.  (Doc. No. 1.)  A Verified Amended Complaint for Forfeiture *In Rem* was filed on April 18, 2016, at which time the case was stayed pending the resolution of the parallel criminal proceeding against Bird.  (Doc. Nos. 7 & 8.)

On March 8, 2018, a two-count Information was filed in the Southern District of Georgia against Bird.[1]  (United States v. Bird, Crim. Case No. 3:18-CR-005, Doc. No. 1.)  Count One charged a violation of 21 U.S.C. § 846 (Conspiracy to Distribute and Dispense Controlled Substances) and covered a time period between January 1, 2000 to June 3, 2015; Count Two charged a violation of 18 U.S.C. § 371 (Conspiracy), covering the same time period.  The Information includes a Forfeiture Count listing all of the Defendant Assets.  Bird pled guilty to the charges in the Information on March 21, 2018.  In his plea agreement, Bird admitted that from January 1, 2000 to June 3, 2015, he knowingly and willfully engaged in financial transactions concerning his medical practices, which transactions involved the proceeds of unlawful distribution and dispensation of controlled substances.  (United States v. Bird, Crim. Case No. 3:18-CR-005, Doc. No. 8, at

---

[1] Prior thereto, Bird had been indicted by a grand jury on 176-counts involving conspiracy, unlawful dispensation of controlled substances, unlawful dispensation of controlled substances resulting in death, and conspiracy to commit money laundering. (See Indictment in United States v. Bird, Crim. Case No. 3:17-CR-001 (S.D. Ga. Mar. 18, 2017).)

5

2-3.) He further admitted that he deposited more than $4.5 million in cash proceeds into various financial institution accounts controlled by him. (Id. at 4.) Additionally, Bird agreed to forfeit his interest in the Defendant Assets, acknowledging that they constitute, or are derived from, proceeds obtained, directly or indirectly, as a result of the offenses upon which he pled guilty. (Id. at 7-9.) In accordance with his plea agreement, a Consent Order of Forfeiture was entered on March 21, 2018, whereby the Court determined that the Government had established the requisite nexus between the Defendant Assets and the offenses committed by Bird pursuant to 21 U.S.C. § 853, 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure. (United States v. Bird, Crim. Case No. 3:18-CR-005, Doc. No. 9.)

About this same time, on March 19, 2018, Claimant Lisa Bird, the former wife of George Mack Bird III, filed a claim against the Defendant Assets in this civil case. (Doc. No. 30.) She also filed an Answer to the Amended Verified Complaint of Forfeiture *In Rem* on April 18, 2018. (Doc. No. 31.)

On September 18, 2018, Bird was sentenced by the Court to serve a total of 100 months imprisonment. In the Judgment and Commitment Order entered on September 21, 2018, the Court incorporated by specific reference its Consent Order of Forfeiture of March 21, 2018, noting that the forfeiture of the Defendant

Assets was final with respect to the property interests of George Mack Bird III.  (United States v. Bird, Crim. Case No. 3:18-CR-005, Doc. No. 34.)  The Court added: "Property interests affected by the Consent Order of Forfeiture, however, remain inchoate and unresolved with respect to any third-party claimant, particularly Claimant Lisa Bird, until such time as the civil proceeding, CV 316-020, is concluded."  (Id. at 7.)

Also on September 18, 2018, Claimant Lisa Bird filed in Bird's criminal case a motion to set aside the Consent Order of Forfeiture and to reopen the civil ancillary proceeding.  (United States v. Bird, Crim. Case No. 3:18-CR-005, Doc. No. 29.)  On September 24, 2018, the Court entered an Order in this civil case expressly recognizing the claim of Claimant Lisa Bird and lifting the imposed stay.  (Doc. No. 33.)  Since that time, the Court and interested parties have focused their attention and efforts on determining the ownership of a T. Rowe Price Account that the Government released from forfeiture and which had never been subject to the Consent Order of Forfeiture in the criminal case.  Nevertheless, the parties had ample opportunity to conduct discovery with respect to the Defendant Assets, and at the conclusion of the discovery period, the Government filed the instant motion for summary judgment on August 30, 2019.  Because of the intervening attention to the T. Rowe Price Account, and with the Court's approval, Claimant Lisa Bird did not file her response in opposition to the

7

motion for summary judgment until December 11, 2020. The motion is now fully briefed and ripe for decision.

## II.  SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the question before the Court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The purpose of the summary judgment rule is to dispose of unsupported claims or defenses which, as a matter of law, raise no genuine issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact. Hornsby-Culpepper v. Ware, 906 F.3d 1302, 1311 (11th Cir. 2018) (citing Celotex Corp., 477 U.S. at 323). The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." Id. (citing Celotex Corp., 477 U.S. at 322-23). Once the moving party meets this initial burden, the burden shifts to the nonmoving party to move beyond the pleadings and to designate evidence which demonstrates the existence of a genuine dispute of material fact to be resolved at trial. Id. at 1311-12 (citing Celotex Corp.,

477 U.S. at 324); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

In considering a motion for summary judgment, all facts and reasonable inferences are to be construed in favor of the nonmoving party. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoted source omitted) (emphasis supplied).

### III.  LEGAL ANALYSIS

In a civil forfeiture proceeding, the Government has the burden of proof "to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). To do so, the Government may use evidence gathered after the filing of the complaint for forfeiture. Id. § 983(c)(2). The preponderance standard is met if the government shows that it is more probable than not the property is subject to forfeiture. See, e.g., United States v. $19,054.00 in U.S. Funds, 2012 WL 1094361, *4 (M.D. Ga. Sept. 17, 2012); United States v. One 2008

Chevrolet Tahoe C1500, 2011 WL 176887, *6 (N.D. Ga. Jan. 19, 2011). Here, the Government originally sought forfeiture of Defendant Assets under two statutory provisions: 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A). However, the Government makes no substantive argument or offer of proof respecting 18 U.S.C. § 981(a)(1)(A). Accordingly, the Court will only evaluate the Government's case under 21 U.S.C. § 881(a)(6).

Section 881(a)(6) provides for forfeiture to the United States of all moneys and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance as well as all proceeds traceable to such an exchange. In order to meet its burden of proof, the Government must establish by a preponderance of the evidence that there was a "substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). The Government need not, however, prove that the money is traceable to a specific transaction in illicit drugs; instead, the Government need only show that the money was "related to some illegal drug transaction." United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004); United States v. $52,000.00, More or Less, in U.S. Currency, 508 F. Supp. 2d 1036, 1040 (S.D. Ala. 2007) (cited source omitted).

Applying these legal standards to the facts of this case, the Court finds and concludes, under the totality of the circumstances, that the Government has shown by a preponderance of the evidence

10

that the Defendant Assets were derived from or traceable to Bird's illegal drug transactions. See $242,484.00, 389 F.3d at 1160. In particular, the Government has shown that Bird orchestrated an illegal drug scheme that produced a tremendous amount of cash over a fifteen-year period capable of funding the various accounts and purchasing the real property. In fact, after 2010, Bird's medical practice was largely, if not entirely, illegitimate. Importantly, Bird admitted that the Defendant Assets are directly related to or derived from his illegal drug operation.

At this point, the burden of proof shifts to Claimant Lisa Bird to show, by a preponderance of the evidence, a defense to the forfeiture or to prove that the property is not otherwise subject to forfeiture. See United States v. $63,788.00 More or Less in U.S. Currency, 2018 WL 1629114, *6 (S.D. Ala. Apr. 3, 2018) (quotations and cited source omitted). In response to the motion for summary judgment, Claimant Lisa Bird presented no competent evidence to counter the Government's proof that the Defendant Assets were the result of illegal drug transactions. Rather, she claims to be an innocent owner of the Defendant Assets. Indeed, Congress has determined that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1).

In order to assert the "innocent owner" defense, an individual must first qualify as an "owner," as defined by statute, with an

ownership interest in the property "including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 983(d)(6)(A). In this case, Claimant Lisa Bird has not shown that she has or had an ownership interest in any of the Defendant Assets through deed, title, purchase, security interest, or any other indicia of ownership. She has not shown that she exercised any dominion or control over the Defendant Assets. Rather, her sole basis for her claimed ownership interest is her marriage and subsequent divorce to George Mack Bird III. The fact of marriage in and of itself does not establish innocent ownership of the Defendant Assets. Further, her Divorce Decree (entered on June 26, 2017, in Oconee County, Georgia) only provides Claimant Lisa Bird with an interest in the Defendant Assets in the event the Government releases the assets from this forfeiture action, which has not occurred. (See Final Judgment and Decree, Doc. No. 30, Ex. A.)

In short, the Government has met its burden to establish the Defendant Assets are substantially connected to a controlled substance offense, and Claimant Lisa Bird has failed to establish a defense or prove the property is not otherwise subject to forfeiture. Accordingly, the entry of summary judgment for the Government is proper. See $63,788.00 in U.S. Currency, 2018 WL 1629114, at *6.

12

## IV. CONCLUSION

Upon the foregoing, the Government's motion for summary judgment in this case (doc. no. 88) is **GRANTED**. Upon entry of final judgment, the case shall be **CLOSED**. The parties shall each bear their own costs. The Clerk is directed to **ENTER JUDGMENT** in favor of the United States of America and against Claimant Lisa Bird whereby each of the Defendant Assets listed in this case caption are **FORFEITED** to the United States of America. Should the United States require a more detailed description of any of the forfeited Defendant Assets in a separate order or writ of fi. fa. for the purpose of recording or execution, the United States Attorney shall so request by application therefor.

**ORDER ENTERED** at Augusta, Georgia this ___ day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE