IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA,                *
                                         *
        Plaintiff,                       *
                                         *
   v.                                    *
                                         *
FUNDS SEIZED FROM FIDELITY               *
INVESTMENTS ACCOUNT ENDING               *
IN XXXX7422;                             *
                                         *
FUNDS SEIZED FROM FIDELITY               *
INVESTMENTS ACCOUNT ENDING               *
IN XXXX8340;                             *
                                         *
FUNDS SEIZED FROM FIDELITY               *
INVESTMENTS ACCOUNT ENDING               *
IN XXXX7449;                             *
                                         *
FUNDS SEIZED FROM FIDELITY               *          CV 316-020
INVESTMENTS ACCOUNT ENDING               *
IN XXXX6909;                             *
                                         *
FUNDS SEIZED FROM FIDELITY               *
INVESTMENTS ACCOUNT ENDING               *
IN XXXX4334;                             *
                                         *
FUNDS SEIZED FROM BANK OF                *
EASTMAN ACCOUNT ENDING                   *
IN XX7548;                               *
                                         *
FUNDS SEIZED FROM STATE BANK             *
AND TRUST COMPANY ACCOUNT                *
ENDING IN XXXX7036;                      *
                                         *
FUNDS SEIZED FROM UNITED                 *
FIRST FEDERAL CREDIT UNION               *
ACCOUNT ENDING IN XX7265;                *
                                         *
FUNDS SEIZED FROM T. ROWE                *
PRICE ACCOUNT ENDING                     *
IN XXXX3286;                             *

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2021 JUL -6 P 4:58

CLERK_____
   SO. DIST. OF GA.

| | |
|---|---|
| FUNDS SEIZED FROM ATHENS FIRST BANK AND TRUST ACCOUNT ENDING IN XXXX4344; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2400; | * * * * |
| FUNDS SEIZED FROM EMORY CAPITAL MANAGEMENT ACCOUNT ENDING IN XX2401; | * * * * |
| REAL PROPERTY LOCATED AT 821 PLAZA AVENUE, EASTMAN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 3037 HIGHWAY 257, DUBLIN, GEORGIA; | * * * |
| REAL PROPERTY LOCATED AT 2772 CLAXTON DAIRY ROAD, DUBLIN, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 62.3 ACRES IN DODGE COUNTY, GEORGIA; | * * * * |
| REAL PROPERTY CONSISTING OF 56.47 ACRES IN DODGE COUNTY, GEORGIA; | * * * * |
| Defendants. | * |

# ORDER

Before the Court is Claimant Lisa Bird's emergency petition for stay pending appeal. (Doc. No. 122.) For the following reasons, the petition is denied.

On February 9, 2021, summary judgment was granted in favor of the United States. (Doc. No. 115.)[1] The Clerk entered judgment that same day. (Doc. No. 116.) Claimant Lisa Bird filed a notice of appeal on April 12, 2021 and argued that this Court erred primarily in rejecting her innocent owner defense and applying an incorrect summary judgment standard. (Doc. No. 117.) Now, having learned that certain parcels of real property captioned in the matter are at auction, Claimant moves for a stay of the summary judgment Order pending her appeal.

Claimant does not invoke any rules of procedure or case law in her petition. However, Federal Rule of Appellate Procedure 8(a) states that a party may move the district court for "a stay of the judgment or order of a district court pending appeal." The decision whether to grant the stay is governed by Federal Rule of Civil Procedure 62(b), which allows for a stay upon the posting of a bond. See Freeman v. Citibank, N.A., 2015 WL 13777348, at *1 (N.D. Ga. Apr. 21, 2015).

Here, Claimant asks the Court to waive the bond requirement. (Doc. No. 122 at 6.) In extraordinary circumstances, a district court may do so. Freeman, 2015 WL 13777348, at *2 (quoting S.E.C. v. Yun, 208 F. Supp. 2d 1279, 1282 (M.D. Fla. 2002)). "[O]ne factor relevant to the Court's decision is whether the appellant

---

[1] This Order granting summary judgment contains a complete recitation of the facts in this matter.

'has made a strong showing that he is likely to succeed on the merits' of his appeal." Id. (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). Coincidently, this is also the first of four showings Claimant must make in order to be entitled to a stay pending appeal.² See Laosebikan v. Coca-Cola Co., 2005 WL 8165503, at *1 (N.D. Ga. Sept. 28, 2005) (quoting S.E.C. v. Comcoa Ltd., 887 F. Supp. 1521, 1528 (S.D. Fla. 1995)). The Court need only reach the first factor in denying Claimant's petition because she cannot demonstrate a substantial likelihood of success.

Claimant does not provide substantive argument on the substantial likelihood of success factor in her petition, so the Court looks to her appellate brief. (Appellant's Brief, USA v. Lisa Bird, 21-11260, 5/24/2021.) There, Claimant argues that this Court improperly granted summary judgment to the United States by requiring Claimant to produce evidence countering the United States' showing that the assets were the result of illegal drug transactions. However, the law provides that once the United States has established by a preponderance of the evidence that the property was "related to some illegal drug transaction," the burden shifts to the claimant to show – by the same standard of proof –

---

² The other three showing are "(2) that absent a stay, the movant will suffer irreparable damage; (3) that the adverse party will suffer no substantial harm from the issuance of the stay; and (4) that the public interest will be served by issuing the stay." Laosebikan, 2005 WL 8165503, at *1.

4

that some defense to forfeiture applies or that the property is not otherwise subject to forfeiture. United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004); United States v. $63,788.00 More or Less in U.S. Currency, 2018 WL 1629114, at *6 (S.D. Ala. Apr. 3, 2018).

In this case, amongst other evidence, the United States showed that George Mack Bird III, the defendant in the underlying criminal case, admitted that the assets in this matter are directly related to or derived from his illegal drug operation. The burden thus shifted to Claimant, who, as the Court found, "presented no competent evidence to counter the Government's proof . . . ." (Doc. No. 115 at 11.) At summary judgment, Claimant attempted to argue that Defendant's evidence was insufficient to carry its summary judgment burden. On appeal, she argues "[That] argument alone provided a genuine dispute of fact about a material issue sufficient enough to survive a summary judgment ruling." Ultimately, Claimant is mistaken. At summary judgment, a non-moving party may not rely on conclusory allegations. See Morris v. Ross, 663 F.2d 1032, 1033–34 (11th Cir. 1981); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116-17 (11th Cir. 1993). Therefore, Claimant's first argument is unlikely to succeed on appeal.

Claimant's second argument is that this Court improperly denied her "innocent owner" defense. In order to assert the "innocent owner" defense, an individual must first qualify as an

5

"owner" as defined by statute, with an ownership interest in the property including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest. 18 U.S.C. § 983(d)(6)(A). Claimant based her claim of ownership on her marriage and divorce from George Mack Bird III. She argues that she acquired her interest in the property before it was seized because her divorce proceedings began in 2009. But, as noted in the summary judgment Order, the divorce decree only provides Claimant with an interest in the property should the United States release the seized property from the present action. (See Doc. No. 30, Ex. A.) Such a contingent interest does not meet Section 983(d)(6)'s definition of "owner." The Court thus finds it unlikely that Claimant will succeed in arguing on appeal that the divorce decree created an ownership interest under Section 983.

Finally, it bears mentioning that Claimant attached to her petition a copy of a purported settlement agreement the United States offered to her in March of 2019. (Offered Settlement Agreement, Doc. 122, Ex. A.) Claimant does not contend that a settlement was entered into or that it is binding on the United States. Instead, she seems to argue that the terms of the agreement offered to her are some evidence of a right in the property located at 821 Plaza Avenue, Eastman, Georgia because the agreement would have granted her a right in such property. (See id. at 5.) However, this purported offer of settlement is de hors

6

the record before the Court and unexecuted. Besides, Federal Rule of Evidence 408 deems evidence of compromise offers and negotiations inadmissible. Therefore, even if the purported agreement had been offered at summary judgment, the Court could not have considered it.

Because Claimant has failed to demonstrate that she is substantially likely to succeed on appeal, she has not satisfied the prerequisites to obtaining a stay pending appeal absent the posting of a bond. Upon the foregoing, Claimant Lisa Bird's emergency petition for stay pending appeal (doc. no. 122) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 6\_\_ day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE